# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WEBER AIRCRAFT, L.L.C. | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-666 |
| | § | Judge Clark/Judge Mazzant |
| VIKRAM KRISHNAMURTHY, MOUMITA | § | |
| ROY, RYAN VAUGHN, and ANTONIO | § | |
| VENTORINI | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #78). After reviewing the motion, the evidence, and the responses thereto, the Court finds the motion is granted.

### BACKGROUND

On January 14, 2013, Plaintiff provided its Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures to Defendants, and did not identify any specific damages or provide any damages calculations. On February 22, 2013, Defendants issued their Requests for Production of Documents to Plaintiff. Request number 34 seeks "[d]ocuments reflecting any and all damages suffered by Plaintiff as a result of any alleged breach of the Agreement by any Defendant in this Action." On April 8, 2013, Plaintiff responded to this request by asserting that it "is overly broad, unduly burdensome and seeks discovery that is not relevant or reasonably calculated to lead to the discovery of relevant evidence." Plaintiff produced no documentation of damages at that time.

On March 20, 2013, Defendants noticed a Federal Rule of Civil Procedure 30(b)(6) deposition of Weber's Corporate Representative who could testify to, among other things, "[a]ny and all damages suffered by Plaintiff as a result of any alleged breach of the Agreement by any

Defendant in this Action, including a calculation of the amount of damages in dollars." On July 25 and 26, 2013, Defendants conducted their 30(b)(6) depositions of Weber's Corporate Representative. On July 26, Weber's 30(b)(6) corporate representative, Rojas, testified that while she could not give a specific calculation of damages, she had identified some replacement costs. Upon further examination, Rojas explained that they keep a recruiting tracking spreadsheet. During the lunch break, this spreadsheet was printed for Defendants and Defendants' counsel questioned Rojas about the calculations on the spreadsheet.

Defendants now contend that this spreadsheet should be excluded because it was not disclosed in a timely manner, is not based on personal knowledge and is speculative, its conclusions are not reliable, the information is improper lay opinion testimony, and the information is based on inadmissible hearsay.

On October 23, 2013, Defendants filed their motion to strike (Dkt. #78). Plaintiff filed its response on October 30, 2013 (Dkt. #81). Defendants filed their reply on November 12, 2013 (Dkt. #85). On November 22, 2013, Plaintiff filed its sur-reply (Dkt. #86).

**ANALYSIS**

Defendants first argue that this spreadsheet was not properly disclosed by Plaintiff, and should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1). "Rule 37(c)(1) gives teeth to the Rule 26(a) disclosure requirements by forbidding, during any part of the case, the use of information required to be disclosed by Rule 26 that is not properly disclosed." *Current v. Atochem N. Am., Inc.*, No. W-00-CA-332, 2001 WL 36101282, at *2 (W.D. Tex. 2001). "To avoid sanctions, the party who is alleged to have failed to comply with… Rule 26 bears the burden to show that its actions were substantially justified or harmless." *Avance v. Kerr-McGee Chem., LLC*, No. 5:04CV209, 2006 WL 3484246, at *6 (E.D. Tex. Nov. 30, 2006).

Defendants contend that this evidence was not properly disclosed by Plaintiff because it was available from the outset of litigation, was not disclosed in initial disclosures, and was not disclosed in discovery responses.  Defendants argue that allow this evidence would require the Court to grant a continuance and modify the case schedule.  However, this spreadsheet was disclosed to Defendants during the 30(b)(6) deposition of Plaintiff's corporate representative, Ms. Rojas, and Ms. Rojas was questioned about the spreadsheet and testified about the spreadsheet and its calculations.  This is not the optimal or appropriate way to disclose such damage calculations to an opposing party; however, the disclosure occurred two months prior to the close of discovery, and Defendants had an opportunity to depose Plaintiff's 30(b)(6) witness about the spreadsheet.  Further, Plaintiff agreed to schedule a subsequent deposition with Ms. Rojas to further explore the issue of damages, but Defendants declined.  Therefore, the Court cannot find that this evidence was not timely disclosed.  Further, if it was not properly disclosed, Plaintiff's actions were harmless under these particular facts.

Defendants next assert that the spreadsheet is incompetent and inadmissible evidence. Defendants contend that the spreadsheet is inherently unreliable because it contains inaccurate information and no back-up information exists for these records (*See* Dkt. #78, Ex. 2 at 121:12-16 ("Well, they had had that the average sign-on bonus for a certification engineer was like 7,500, and I didn't know how they came up with that number because I knew in general we would always offer like a $3,000 sign-on bonus."); 124:14-16).  Further, Ms. Rojas could not identify which of the outlined costs were used to fill each Defendant's position.  Defendants object to this evidence on the basis that it is not properly authenticated, inherently unreliable, and speculative.  Defendants also object to this evidence under Federal Rule of Evidence 701, stating that it is improper lay opinion testimony because it is not rationally based on the witness'

perceptions. Finally, Defendants contend that this spreadsheet is inadmissible hearsay because it was prepared by other people who worked at Plaintiff, and there is no exception to the hearsay rule that would allow this evidence to be admissible.

Plaintiff contends that the spreadsheet is admissible because a 30(b)(6) deposition allows a corporation to present testimony through an individual, and that individual need not have personal knowledge of each and every fact discussed in the deposition. "Rule 30(b)(6) is designed 'to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known the persons within the organization and thus to the organization itself.'" *Brazos River Authority v. GE Iconics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006). "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Id*. at 433 (citation omitted). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id*. "Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's 'position' on the topic." *Id*. (citation omitted).

Plaintiff's general argument is correct; however, at trial, there is no such thing as a 30(b)(6) witness. *Id*. at 434 ("Although there is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition, if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on ground that he had only corporate knowledge of the issues, and not personal knowledge."). However, any evidence introduced through such a witness at trial, must also be admissible at trial according to the rules of evidence.

Federal Rule of Evidence 901 requires a proponent to produce evidence sufficient to support a finding that the item is what the proponent claims it is. Ms. Rojas cannot provide testimony of a witness with knowledge sufficient to authenticate this document. At her deposition, Ms. Rojas admitted that not only did she not have first-hand knowledge of the preparation of the spreadsheet, she also did not know the basis upon which the calculations were made. Ms. Rojas also admitted that some of the calculations in the spreadsheet were inaccurate and speculative. Given these facts, the Court finds that the spreadsheet is inadmissible because it is not properly authenticated and speculative.

Under Federal Rule of Evidence 802, hearsay is not admissible unless there is an applicable exception to the hearsay rule. This exhibit was submitted to the Court without any explanation as to what hearsay exception would allow this hearsay evidence to be admissible. For example, there is no attached affidavit indicating that this spreadsheet is prepared from records maintained in the ordinary course of business. Although Plaintiff states that it is a business record in its response brief, that is not sufficient to establish that the business records exception to the hearsay rule applies. Further, as noted above, Ms. Rojas testified that the document itself is unreliable, and there is nothing to demonstrate to the Court that this is a reliable or trustworthy document. Therefore, the Court finds the spreadsheet is inadmissible for this additional reason.

## CONCLUSION

For this reason, the Court finds that is Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #78) is **GRANTED**, and Plaintiff's spreadsheet (Dkt. #65, Ex. 46; Dkt. #66, Ex. 26) is hereby stricken from the summary judgment record.

**IT IS SO ORDERED**.

**SIGNED this 27th day of January, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE