**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WEBER AIRCRAFT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-666 |
| | § | |
| VIKRAM KRISHNAMURTHY, MOUMITA ROY, RYAN VAUGHN and ANTONIO VENTORINI, | § § § § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On January 27, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #88], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendants Krishnamurthy, Roy, and Ventorini's Motion for Summary Judgment [Doc. #70] be granted, and Defendant Ryan Vaughn's Motion for Summary Judgment [Doc. #68, #69] be granted in part and denied in part. The Magistrate Judge recommended that Plaintiff's claims against all Defendants for breach of a covenant not to compete and non-solicitation provision be dismissed with prejudice.

Plaintiff brought this action against Defendants for breach of contract, stating that Defendants breached a covenant not to compete signed by Defendants while they were employed at Weber Aircraft. Plaintiff seeks monetary damages and an injunction that would require Defendants to resign from their current positions with B/E Aerospace, a competitor of Plaintiff. The Magistrate Judge found that the non-competition agreements were supported by adequate

consideration, since Plaintiff agreed to provide Defendants with confidential information and, in return, Defendants agreed not to disclose confidential information pursuant to the terms of the agreements. The Magistrate Judge also found that the agreements were unenforceable because they contained unreasonable limitations as to geographical area and scope of activity to be restrained. The Magistrate Judge found that the covenant not to compete should be reformed, and, thus, Plaintiff was only entitled to injunctive relief for breach of the covenant not to compete. However, the term of the covenant had already expired, thus, "reformation of the covenant would be a futile exercise because prospective injunctive relief [was] not available and any changes would be inoperative" [Doc. #88 at 20].

The agreements at issue also contained a non-solicitation provision, which prohibited an employee from "recruit[ing], hir[ing] or attempt[ing] to recruit or hire, directly or by assisting others, any other employee of Company to work for any direct or indirect competitor of the Company" [Doc. #88 at 22 (citing Doc. #68, Ex. A, ¶ 11)]. The Magistrate Judge concluded that there was no evidence that Krishnamurthy or Roy, a married couple, solicited each other. The Magistrate Judge also concluded that there was no evidence that Ventorini solicited any other employee of Plaintiff. The Magistrate Judge found that there was a fact issue regarding whether Vaughn solicited any employee to leave Plaintiff, and that there was no evidence that Plaintiff had any intent to waive its rights to enforce the agreements. Finally, the Magistrate Judge found that Plaintiff had no evidence of damages caused to it by Vaughn's alleged breach of the non-solicitation provision.

On February 10, 2014, Plaintiff filed objections to the report and recommendation [Doc. #90]. On February 27, 2014, Defendants filed their joint response to the objections [Doc. #94].

2

On March 10, 2014, Plaintiff filed its reply [Doc. #95]. On March 19, 2014, Defendants filed their joint sur-reply [Doc. #96].

Plaintiff objects to four findings of the Magistrate Judge. First, Plaintiff objects to the Magistrate Judge's finding that the agreements contain unreasonable geographic limitations. Plaintiff argues that the geographic scope of the restriction must be judged based on its business, including the nature of the industry, the technical sophistication of the work and know-how being protected, and the number and locations of Plaintiff's customers and direct competitors [Doc. #90 at 10-11 (citing *Salas v. Chris Christensen Sys., Inc*., No. 10-11-00107-CV, 2011 WL 4089999, at *19 (Tex. App. – Waco Sept. 14, 2011, no pet.))]. Plaintiff argues that the Magistrate Judge "erred when he found that the non-compete was too broad because it 'includes areas in which Plaintiff does not sell any products, and has no protectable business interest in those geographic areas'" [Doc. #90 at 11]. Plaintiff contends that it is a manufacturer of airline seating and conducts business throughout the world, including its business with many international airlines based in foreign countries. *Id*.

The agreements define the "Restricted Territory" as "the geographic area where the Company's products are sold within the two year period prior to Employee's departure from the Company and geographic area where B/E Aerospace, Recaro, TIMCO Aviation Services, ZIM Flugsitz, and Geven conduct business" [Doc. #8-1 – 8-4 at 4, ¶ 8]. According to Plaintiff, its products are sold worldwide, effectively precluding Defendants from obtaining a job anywhere in the world. As the Magistrate Judge noted, the geographic restriction in the agreements "includes areas in which Plaintiff does not sell any products, and has no protectable business interest in those geographic areas" and "is not limited to any customers or clients of Plaintiff" [Doc. #88 at 17]. As the case law suggests, "a reasonable area for purposes of a covenant not to

3

compete is considered to be the territory in which the employee worked while in the employment of his employer." *Curtis v. Ziff Energy Grp., Ltd.*, 12 S.W.3d 114, 119 (Tex. App. – Houston [14th Dist.] 1999, no pet.); *see also Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 793-94 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (quoting *Curtis* and elaborating, "A covenant not to compete with a broad geographical scope is unenforceable, particularly when no evidence establishes the employee actually worked in all areas covered by the covenant."). In the present case, the scope of the agreements is worldwide, and includes both areas where Plaintiff's products are sold as well as the geographic area in which five of Plaintiff's competitors conduct business. This scope vastly exceeds the geographic area in which Defendants worked in Texas, and Plaintiff has not attempted to make a showing that it attempted to reasonably restrict the geographic scope of its agreements. Thus, Plaintiff's objection is overruled.

Plaintiff next objects to the finding of the Magistrate Judge that the agreements contained unreasonable restrictions as to scope. Plaintiff contends that the limitations were reasonable because the activities prohibited by the agreements include design, testing, and certification of aircraft seating and seating products for only five competitors of Plaintiff. Plaintiff argues that the agreements does not bar Defendants from working in the aerospace industry altogether, but only prohibits Defendants from working for another airline seat manufacturer. Plaintiff also argues that the agreements here are narrowly tailored to five specific seat manufacturer competitors, and delineates the specific competitive activities correlating to Defendants' work while they were employed at Plaintiff.

However, when reviewing the actual provision contained in the agreements, it prevents Defendants from "becom[ing] employed or engaged by… any person, corporation, or other entity that is directly or indirectly engaged in a Competing Business" [Doc. #88 at 17]. A

4

"Competing Business" is defined by the agreements as concept development, design, prototyping, analysis, test, certification, manufacture and sale of seating system, seating products and any sub components of the seating system and/or product for transport airplane and rotorcraft, including, but not limited to B/E Aerospace, Recaro, TIMCO Aviation Service, AIM Flugsitz, and Geven. *Id.* Contrary to Plaintiff's assertions, the agreements are not just limited to the five competitors, but the agreements expressly read, "including, but not limited to" those five competing businesses. Further, the agreements prohibit Defendants from becoming employed or engaged in any manner by any person, corporation, or other entity that is either directly or indirectly engaged in a competing business. The agreements are burdensome and prohibit Defendants from becoming employed by any of the five businesses listed in the agreements, or any other businesses that may even be indirectly engaged in one of the listed activities. This prohibition is essentially unlimited in scope and improperly prohibits Defendants from obtaining any type of employment at any of the competitors of Plaintiff. As the Magistrate Judge pointed out by way of example, Defendants would be prohibited from accepting any position, even that of a janitor, which is unrelated to the type of work that Defendants performed while at Weber. This type of limitation on scope is unreasonably broad, and Plaintiff's objection is overruled.

Plaintiff next objects to the finding of the Magistrate Judge that no issue of fact exists as to whether Krishnamurthy and Roy solicited each other for positions at B/E Aerospace. Plaintiff contends that these two Defendants, a married couple, discussed their employment opportunities with B/E Aerospace, together spoke with B/E hiring managers to discuss employment opportunities, traveled together to interview with B/E, and negotiated and received offers of employment based on each other's visa issues. The Magistrate Judge found that there was no evidence in the record to conclude that Krishnamurthy and Roy "recruited, hired, or attempted to

recruit or hire each other" [Doc. #88 at 22]. Plaintiff's 30(b)(6) representative testified that he believed Krishnamurthy and Roy violated their non-solicitation agreements because: "[n]umber one, they went to work for the competitor. And – number two, there had to be discussion amongst them to leave together. They gave their notices to leave simultaneously" [Doc. #94 at 11]. When asked who solicited whom, Plaintiff's corporate representative testified, "I can't answer that" and admitted that Plaintiff has "no evidence to suggest that one solicited the other." *Id.* Plaintiff offers no new evidence to contradict this testimony of its corporate representative. The court agrees that Plaintiff has no evidence that Krishnamurthy and Roy solicited each other, and Plaintiff's objection is overruled.[1]

Plaintiff next objects to the finding of the Magistrate Judge that the plaintiff cannot show that it suffered any damages as a result of Defendants' breaches. Plaintiff contends that it is clear that a contract was formed and breached here, resulting in damages to the plaintiff. Plaintiff also asserts that its corporate representative testified at length regarding the replacement costs, training costs, immigration-related costs, recruitment costs, sign-on costs, relocation costs, physical/drug screen costs, background check costs, travel costs, and loss in productivity [Doc. #90 at 19]. The Magistrate Judge struck Plaintiff's exhibit 46 to docket number 65, which is a spreadsheet with purported damages calculations [*See* Doc. #88 at 26 n.4]. Thus, Plaintiff's only remaining evidence of damages is the 30(b)(6) deposition testimony of Plaintiff's corporate representative. However, the Magistrate Judge found that her testimony was insufficient because she "could not identify any particular way in which Plaintiff was damaged" [Doc. #88 at 27].

---

[1] Plaintiff also objects for the first time in its reply that Krishnamurthy and Roy used the spousal privilege as "a sword and shield" to prevent Plaintiff from discovering additional evidence of solicitation between the two. It is not appropriate to raise new arguments for the first time in a reply brief. Further, this is the first time Plaintiff has challenged the use of the spousal privilege, which is at least a year after the privilege was first claimed. The court agrees that Plaintiff has not established that Krishnamurthy and Roy have ever used the spousal privilege as a sword. As Krishnamurthy and Roy also note, they are not seeking affirmative relief in this case, thus, the offensive use waiver does not apply. *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex. 1993).

Further, Plaintiff's corporate representative was unable to attribute any damages to any particular defendant, did not know how the damages calculations were made, and had not seen any backup information for any damages calculations. The Magistrate Judge found that Plaintiff's corporate representative testimony regarding damages was speculative, and "[a] party may not recover damages for breach of contract if those damages are remote, contingent, speculative or conjectural." *CQ, Inc. v. TXU Min. Co. L.P.,* 565 F.3d 268, 278 (5th Cir. 2009) (citation omitted).

Further, in relation to the non-compete provision, the Magistrate Judge held that reformation was inappropriate, and that Plaintiff was limited solely to injunctive relief because: (1) the agreements had already expired; and, (2) equitable tolling was not available in this case because Plaintiff did not file a motion for injunctive relief and did not pursue its remedies and there was no evidence of delays caused by Defendants [Doc. #88 at 21]. The Magistrate Judge further found that injunctive relief was inappropriate because the contractual obligations within the covenant had expired, rendering any injunctive relief moot. *Id*. at 22. Plaintiff does not object to or address these findings. The Magistrate Judge also found that Plaintiff's corporate representative made no effort to identify the ways in which Plaintiff was specifically damaged by the alleged breach of the non-solicitation provision.

Further, although Plaintiff now contends that it is entitled to nominal damages, it has not claimed nominal damages at any time in the past, and now for the first time asserts that it is entitled to nominal damages. In Texas, nominal damages are available for a breach of contract claim where a breach has caused non-economic harm, not where damages are entirely economic and subject to proof. *See MBM Fin. Corp. v. Woodlands Operating Co*., 292 S.W.3d 660, 665-66 (Tex. 2009) ("[T]he rule in Texas has been that nominal damages are not available when the

harm is entirely economic and subject to proof (as opposed to non-economic harm to civil or property rights"). The Texas Supreme Court has rejected nominal damages because actual damages were incurred, but Plaintiff failed to prove the amount. *Id*. (citing *Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002)). The same is true in this case. Plaintiff requested actual damages, attorney's fees, and injunctive relief. The court held that Plaintiff was not entitled to injunctive relief, and Plaintiff's actual damages here are entirely economic and subject to proof. Plaintiff has simply failed to provide proof of those damages, and the court finds that nominal damages are not appropriate in this case under Texas law. Thus, Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #88] is hereby adopted. It is further **ORDERED** that Defendants Krishnamurthy, Roy, and Ventorini's Motion for Summary Judgment [Doc. #70] is **GRANTED**, Defendant Ryan Vaughn's Motion for Summary Judgment [Doc. #68, #69] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for breach of contract, injunctive relief, and damages are denied as to all Defendants, and this case is dismissed with prejudice.

So **ORDERED** and **SIGNED** this **29** day of **July, 2014.**

_____
Ron Clark, United States District Judge

8